---

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MICKEY D. SHIPPERT**, | ) | |
| | ) | |
| **Plaintiff,** | ) | **No: 22 CV 50397** |
| | ) | |
| vs. | ) | |
| | ) | |
| **PETERSEN HEALTH CARE, INC.,** | ) | |
| | ) | **JURY DEMAND** |
| | ) | |
| **Defendant.** | ) | |

---

**COMPLAINT**
**AS AND FOR A FIRST CAUSE OF ACTION**
**(AGE DISCRIMINATION IN VIOLATION TO THE ADEA)**

NOW COMES the Plaintiff **MICKEY D. SHIPPERT** ("Plaintiff"), by and through her

attorney, MICHAEL T. SMITH & ASSOCIATES, and in complaining of the

**PETERSEN HEALTH CARE, INC.,** hereinafter referred to as "Defendant" or "PHC"),

and states as follows:

### INTRODUCTION

1.    This is an action to remedy violations of the rights, and claim for benefits, of

Plaintiff under the Age Discrimination in Employment Act of 1967, as amended

(hereinafter sometimes referred to as the "ADEA"), 29 U.S.C. § 621-634.

### JURISDICTION AND VENUE

2.   Plaintiff brings this action for benefits under the Age Discrimination in

Employment Act of 1967, as amended, under the specific provisions of 29 U.S.C. §

626(c).

3.   Jurisdiction of this action is conferred upon the Court by Section 7(b) of the Age

Discrimination in Employment Act, 29 U.S.C. § 626 (b), and Venue 28 U.S.C. § 451 and 1331, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. § 2201 and 2202 relating to declaratory judgments.

4.   The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Western Division, where Plaintiff resides.

## PARTIES

5.   Plaintiff is an adult person and a resident of Dixon, Lee County, State of Illinois.

6.   Plaintiff is an employee of Defendant, since March 10, 2010 as a LPN Agency Nurse.

7.    At all times relevant, Defendant is a Domestic corporation organized under the laws Illinois and doing business in the State of Illinois, with over 500 employees.

8.   Defendant is an employer within the meaning of the ADEA and has been at all times material to the allegations herein.

## STATEMENT OF FACTS

9.    Plaintiff was hired by Defendant as a LPN Nurse and remained in that position since 2012.

10.   At all times relevant, Defendant has continuously had and now has at least five hundred or more (500+) employees.

11.   Plaintiff was sixty-five 65) years of age at the relevant times and falls within the group protected by the ADEA.

2

12.    At all times material herein and hereinafter mentioned Defendant has engaged in, and employed its employees in, commerce within the meaning of the ADEA.

13.    At all times during Plaintiff met and exceeded the high-performance standards of her employer.

14.    Defendant willfully discriminated against Plaintiff because of her age by treating her differently in terms and conditions, subjecting her to excessive discipline and a hostile work environment and harassment while not treating younger employees the same.

15.    As a result of Defendant's actions, the Plaintiff has been deprived of her wages and employment benefits.

16.    In addition, the Plaintiff seeks injunctive relief and lost wages.

17.    Defendant's intentionally, and/or with reckless indifference, engaged in the above stated discriminatory practices against Plaintiff, contrary to Plaintiff's federally protected rights as guaranteed to her under the ADEA, 29 U.S.C. § 621-634.  The intentional and discriminatory conduct of Defendant complained about herein was willful, wanton, deliberate, malicious, egregious and outrageous warranting the imposition of punitive damages which will serve as an example and deterrent to Defendant and others who would commit similar illegal acts.

## PROCEDURAL FACTS

18.    Plaintiff protested her unlawful treatment, and filed charges of the discrimination herein alleged with the Equal Employment Opportunity Commission at Chicago ("EEOC"), Illinois. A true and correct copy of the Charge of Discrimination is attached hereto as Exhibit "A" and incorporated herein. The EEOC did then issue a Notice of Right to Sue letter on August 23, 2022. A true and correct copy of the Notice of Right to

Sue is attached hereto as Exhibit "B" and incorporated herein.

19. This action has been timely filed within ninety (90) days of the receipt of the EEOC Notice of Right to Sue.

## PRAYER FOR RELIEF

Defendant's intentional willful and wanton conduct and reckless willful and wanton conduct caused injuries, damages, and harm to Plaintiff, including but not limited to, past and future economic loss, past and future non-economic losses, including loss of reputation, shame humiliation, inconvenience, mental anguish, impairment in the quality of life, and consequential losses.

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

1. Injunctive relief as described below.

2. Damages including loss of pay and benefits;

3. Statutory damages due to the Defendant's willful conduct.

4. Prejudgment interest and post-judgment interest at the highest rate allowed by law;

5. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age against individuals forty (40) years of age and older.

6. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals forty (40) years of age and older, which eradicate the effects of its past and present unlawful employment

4

practices.

7. Attorneys' fees, expert witness fees, and costs incurred in this action; and

8. Grant such other relief as the Court may find just, equitable and appropriate.

## AS AND FOR A SECOND CAUSE OF ACTION
## (ADEA-RETALIATION)

20**.**  Plaintiff realleges each and every allegation set forth above with the same force **and** effect as if more fully set forth herein.

## STATEMENT OF FACTS

21.   The ADEA prohibits employers, such as Defendant, from retaliating against individuals engaged in a protected activity while they are still employed or, as in the Plaintiff's circumstances, after the employment relationship has ended.

22.  Defendant and Defendant's agents intentionally and maliciously retaliated against Plaintiff by subjecting Plaintiff to a materially adverse action wherein they created a retaliatory environment, against Plaintiff's based on her complaints on her hostile work environment and harassment and, to these complaints, she was disciplined.

23.    By reason of the retaliation of Defendant, Plaintiff has suffered commercial losses, emotional pain, suffering, humiliation, dignitary injury and mental anguish; and costs, including attorney's fees, in pursuing redress for Defendant's retaliation, all to her damage.

24.    Further, said action on the part of Defendant was done with malice and reckless disregard for Plaintiff's protected rights; and the retaliatory acts are reasonably likely to deter Defendant's current and former employees from engaging in protected activity in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

2. For relief required to make Plaintiff whole for all losses caused by the violations of Defendant and Defendant's agents;

3. For compensatory damages in an amount according to proof;

4. For statutory punitive damages due to the Defendant's willful conduct.

5. For prejudgment interest and post-judgment interest at the highest rate allowed by law:

6. For costs of suit, including reasonable attorney's fees and expert fees;

7. For an order enjoining Defendant from engaging in any such unlawful employment practice under the ADEA; and

8. For such other affirmative action and relief as the court deems just, proper, equitable and appropriate.

## JURY DEMAND

The Plaintiff requests a jury trial of this action.

**MICKEY D. SHIPPERT**
BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith #6180407IL
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173
(847) 466-1099